NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**REGINA R. SMITH,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7019

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 07-1541, Judge William A. Moorman.

---

Decided: May 18, 2011

---

VIRGINIA A. GIRARD-BRADY, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

HILLARY A. STERN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

KIRK MANHARDT, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, MOORE, and O'MALLEY, *Circuit Judges*.

Per Curiam.

Regina R. Smith appeals from a memorandum decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court), *Smith v. Shinseki*, No. 07-1541 (Vet. App. June 29, 2009), which affirmed a May 2, 2007 decision of the Board of Veterans Appeals (Board) denying service connection for post-traumatic stress disorder (PTSD). For the reasons discussed below, we *affirm*.

Ms. Smith served in the U.S. Army from August 1974 to July 1975. In May 1975, while in service, Ms. Smith underwent a psychiatric evaluation conducted by the U.S. Army. During this evaluation, Ms. Smith complained of being "depressed and nervous because of [her] job situation and consistent harassment in the barracks." J.A. 89. As part of an investigation in 1975, the Army determined that Ms. Smith had engaged in sexual conduct with another soldier. Ms. Smith separated from the Army in July 1975 for reasons of unsuitability. During her separation examination, Ms. Smith complained of "frequent trouble sleeping," "[d]epression or excessive worry," and "[n]ervous trouble." J.A. 52.

A 1992 examination by the Social Security Administration diagnosed Ms. Smith with PTSD based on "gender identity problems, abusive discipline by her stepfather, and difficulties interacting socially with the general community for gender reasons." J.A. 647. In November 1997, Ms. Smith filed a claim for PTSD with

her Regional Office (RO). The RO denied this claim in 1998 and Ms. Smith filed a notice of disagreement. In January 1999, Ms. Smith filed a statement asserting, for the first time, that she was raped while in service. Again, in 2003, Ms. Smith filed a statement indicating that she was raped while in service. A PTSD examination determined that she did not meet the PTSD criteria. The examiner noted that it was impossible to verify Ms. Smith's account of the alleged assault. Further, the examiner noted that Ms. Smith's 1992 examination attributed her PTSD entirely to childhood and other experiences entirely outside her military service. Thus, Ms. Smith's claim for service connection of PTSD was denied by the Board and she appealed to the Veterans Court.

The Veterans Court affirmed the determination of the Board regarding PTSD. It noted that the Board reviewed all relevant evidence and that it did not support Ms. Smith's claim that she was raped while in service. It also recognized that during three examinations in 1993, 1997, and 1998, Ms. Smith failed to state that she was raped while in service. There is no evidence that Ms. Smith made this allegation prior to 1999.

The Veterans Court also rejected Ms. Smith's argument that she is entitled to service connection for PTSD due to aggravation of a preexisting condition. In other words, Ms. Smith argued that even if she had PTSD prior to service, her time in service aggravated the condition and she should have service connection. The Veterans Court found that Ms. Smith failed to raise this issue below. Further, after a review of the evidence, the Veterans Court determined that "the record does not indicate that the issue should have been raised sua sponte by the Board." J.A. vii.

Ms. Smith appeals from the Veterans Court's decision, and our jurisdiction is defined by 38 U.S.C. § 7292(c). Section 7292 limits our jurisdiction over appeals of Veterans Court decisions. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." *Id.* § 7292(a). Absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Ms. Smith argues that the Veterans Court misinterpreted 38 U.S.C. § 7104(a) when it determined that she was not entitled to service connection for PTSD based on in-service aggravation. Section 7104(a) states that "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." Ms. Smith states that she did not have an affirmative obligation to raise all possible theories of entitlement. Thus, she argues that the Veterans Court erred when it stated that she failed to raise the aggravation issue before the Board. She contends that the Board had a responsibility to consider the issue even though she did not expressly raise it because the underlying evidence supported a finding of in-service aggravation. She notes that under 38 C.F.R. § 20.202, the Board is required to construe her arguments "in a liberal manner for purposes of determining whether they raise issues on appeal." Ms. Smith argues that by finding that she failed to raise this issue before the Board, the Veterans Court improperly shifted the burden to the veteran to raise all possible theories of entitlement contrary to § 7104(a).

The government argues that the Veterans Court's analysis was not limited to whether Ms. Smith expressly raised the issue of in-service aggravation before the Board. Rather, the government contends that the Veterans Court also reviewed the evidence to determine if the Board should have reached the issue despite Ms. Smith's failure to make the express argument.

We agree with the government that the Veterans Court did not err. To the extent that it construed § 7104(a), the Veterans Court was clearly in line with our opinion in *Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009). In *Robinson*, we acknowledged that the Board must liberally construe a veteran's arguments to reach issues even if they are not expressly raised. 557 F.3d at 1361. However, we held that this responsibility has boundaries. Specifically, we held that "[w]here a fully developed record is presented to the Board with no evidentiary support for a particular theory of recovery, there is no reason for the Board to address or consider such a theory." *Id.*

Having determined that the Board must only consider issues raised by the record evidence, we are left with the Veterans Court's determination that "the record does not indicate that the issue [of in-service aggravation of PTSD] should have been raised sua sponte by the Board." J.A. vii. The Veterans Court considered all of the record evidence in its opinion, did not improperly shift any burden, and made this application of law to fact that is not subject to our review. Because the Veterans Court did not misinterpret § 7104(a) and because we lack jurisdiction to review the Veterans Court's factfindings, we affirm.

**AFFIRMED**

COSTS

No costs.